CHRISTINA L. ALLEN and GEORGE W. HENDERSON, as Administrators, etc., of JONAH E. ALLEN, Deceased, Plaintiffs, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

*Contributory negligence — a railroad collision with person riding in a buggy closed at the back and sides.*

In an action brought by administrators to recover the damages resulting from the death of their intestate, caused as alleged by the negligence of the defendant, a railroad company, it appeared that the deceased was riding at a slow trot in the day time in a buggy, which was open only in its front, towards a crossing maintained by the defendant; that when he reached a point distant two to four

FIFTH DEPARTMENT, DECEMBER TERM, 1895.        [Vol. 92.

rods from the crossing the engine of the train whistled, the horse became uncontrollable, ran upon the track and the deceased was killed; that had the deceased looked out he could have seen the train in question at a distance of half a mile from the crossing.

*Held,* that it was the duty of the deceased to have looked for the approaching train before he had reached a point so near the crossing, and that he was guilty of such contributory negligence as prevented a recovery.

MOTION by the plaintiffs, Christina L. Allen and another, as administrators, etc., of Jonah E. Allen, deceased, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon a nonsuit granted by the court after a trial at the Orleans Circuit on the 1st day of October, 1894.

*Whedon & Ryan,* for the plaintiffs.

*Charles A. Pooley,* for the defendant.

LEWIS, J.:

This action is to recover damages for the killing of the plaintiffs' intestate at a highway crossing upon the defendant's railroad near Medina, Orleans county. The deceased was a farmer, seventy-two years of age, and had resided in the neighborhood of this crossing for twenty-one years; was familiar with the crossing, and the running of the defendant's trains.

On the 30th day of October, 1892, he was returning home from the village of Medina in the daytime, and drove along a highway running at right angles to the defendant's railroad track, about one mile west of the village of Medina. He was in a top buggy, drawn by one horse. He approached the crossing from the north, upon a slow trot, and as he arrived near to the railroad track his horse became frightened and unmanageable, caused by the sharp whistle of an engine of the defendant, which was approaching the crossing from the east with a train of passenger cars. The horse probably saw the approaching train, which added to his fright. The horse, despite the efforts of the deceased to stop him, ran across the railroad track; the buggy was struck as it was crossing the track by the engine, and the plaintiffs' intestate was instantly killed.

There was evidence tending to show negligence on the part of the defendant, in that no signal of the approaching train was given

until it arrived within a very few rods of the crossing, when the whistle of the engine was sharply and loudly blown.

The railroad crosses the highway at grade, and the surface of the land in the vicinity of the crossing is level. There was nothing to obstruct the view of the approaching train by the deceased as he rode along the highway·from the north, for a distance of fifty or sixty rods from the crossing.

The undisputed evidence was that had the deceased at any time while driving that distance looked toward the approaching train, he could have seen it for a distance of at least a half mile east of the highway crossing.

There was an absence of any evidence tending to show that the deceased looked during that time to see if the train was approaching.

There was affirmative evidence that for a portion of that distance he did not make any observation to discover if a train was coming.

There were side curtains upon the buggy; they were down and the top was up. The deceased was· sitting upon the seat of the buggy, and, in order to look to the east, he would have been obliged to incline his body considerably forward. This he does not seem to have done, but drove along toward the track without apparently paying any heed or attention to the approaching train.

There was evidence tending to show that the rumbling of the train, as it moved over the track, could be heard as it left the village of Medina, and all along to the crossing, by a person upon the highway. It was a clear, pleasant day. The evidence shows that there were four or five small trees on.the easterly side of the highway, but they did not, at that season of the year, obstruct materially the view to the east from the highway.

It was unquestionably negligence on the part of the deceased to drive his horse, as the evidence shows he did, to within from two to four rods of the crossing without looking to see if a train were approaching from the east.

It was a passenger train, which left Medina daily about the time it did the day in question, so that we must assume that the.deceased knew that a train might be expected to arrive at the crossing at about that time.

The trial court, upon these facts, held that the plaintiffs had failed to show that the deceased was free from negligence contributing to his death, and, hence, directed a nonsuit. We think the direction was clearly right.

The plaintiffs' motion for a new trial should be denied, and judgment directed for the defendant upon the nonsuit.

BRADLEY, J., concurred; WARD, J., not sitting.

Motion for a new trial denied, and judgment directed for the defendant upon the nonsuit.